BRAGG v CITY OF KALAMAZOO

Docket No. 77-2437. Submitted October 3, 1978, at Grand Rapids.—
Decided November 6, 1978.

Mary Bragg filed an action as next friend in behalf of Raymond
Bragg, a minor, against the City of Kalamazoo for damages for
injuries sustained in a fall from a swing in a park owned by the
city. The Kalamazoo Circuit Court, Donald T. Anderson, J., on
the basis that the governmental immunity statute on which
defendant relied was unconstitutional as violative of the title-
object clause of the Michigan Constitution, denied defendant's
motion for summary judgment. Defendant appeals by leave
granted. *Held:*

1. The purpose of the constitutional limitation of legislation
to one object expressed in its title is to assure fair notice to
legislators and the public of a statute's content and to prevent
deceit and subterfuge; in effectuating these purposes, courts
must construe an act's title reasonably, not in a narrow and
technical sense.

2. A statute making governmental agencies immune from
"tort liability" in the discharge of governmental functions is
not unconstitutional as violative of the title-object clause where
the title disclosed the act to be one to make uniform govern-
mental liability "for injuries to persons or property".

Reversed and remanded.

1. Constitutional Law—Statutes—Titles of Statutes—Single Ob-
ject—Construction.

The purpose of the constitutional limitation of legislation to one
object expressed in its title is to assure fair notice to legislators
and the public of a statute's content and to prevent deceit and
subterfuge; in effectuating these purposes, courts must construe
an act's title reasonably, not in a narrow and technical sense
(Const 1963, art IV, § 24).

References for Points in Headnotes

[1] 73 Am Jur 2d, Statutes §§ 97-102.
[2] 73 Am Jur 2d, Statutes §§ 107, 158.

2. CONSTITUTIONAL LAW—STATUTES—TITLES OF STATUTES—GOVERN-
   MENTAL IMMUNITY.

  A statute making governmental agencies immune from "tort
  liability" in the discharge of governmental functions is not
  unconstitutional as violative of the title-object clause where the
  title discloses the act to be one to make uniform governmental
  liability "for injuries to persons or property"; the title to the
  governmental immunity act gives fair and adequate notice of
  the act's purpose and content (Const 1963, art IV, § 24, MCL
  691.1407; MSA 3.996[107]).

*Don M. Schmidt,* City Attorney, and *William S.
Baird,* Assistant City Attorney, for defendant.

Before: D. F. WALSH, P.J., and T. M. BURNS and
C. J. BYRNS,* JJ.

D. F. WALSH, P.J. Defendant appeals from the
denial of its motion for summary judgment, GCR
1963, 117.2(1). The trial court rejected defendant's
claim that governmental immunity barred plain-
tiff's action.

On August 4, 1975, Mary Bragg, next friend of
Raymond Bragg, a minor, filed a complaint against
the City of Kalamazoo. Plaintiff sought damages
for injuries sustained by the minor when he fell
from a rope swing in a park owned by defendant.

Defendant moved for summary judgment claim-
ing, *inter alia,* that it was immune from liability.
MCL 691.1407; MSA 3.996(107). In denying the
motion the trial judge ruled that the portion of the
governmental immunity act upon which defendant
relied was unconstitutional as violative of the title-
object clause of the Michigan Constitution:

"No law shall embrace more than one object, which
shall be expressed in its title." Const 1963, art 4, § 24.

* Circuit judge, sitting on the Court of Appeals by assignment.

The purpose of the title-object clause is to assure fair notice to legislators and the public of a statute's content and to prevent deceit and subterfuge. *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441, 465; 208 NW2d 469 (1973). In effectuating these purposes, courts must construe an act's title reasonably, not in a narrow and technical sense. *Bankhead v Mayor of River Rouge,* 387 Mich 610, 614; 198 NW2d 414 (1972), *City of Gaylord v Gaylord City Clerk,* 378 Mich 273, 288; 144 NW2d 460 (1966).

The title of the governmental immunity act (MCL 691.1401 *et seq.;* MSA 3.996[101] *et seq.)* provides in part:

> "AN ACT to make uniform the liability of municipal corporations, political subdivisions, and the state, its agencies and departments, when engaged in the exercise or discharge of a governmental function, *for injuries to property and persons."* (Emphasis added.)

Section 7 of the act (MCL 691.1407; MSA 3.996[107]), provides in part:

> "Except as in this act otherwise provided, all governmental agencies shall be immune from *tort liability* in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function." (Emphasis added.)

The trial court ruled that "tort" was broader than "injuries to property and persons" and that § 7 was, therefore, unconstitutional. It was the trial court's opinion that "injuries to property and persons" means injury to tangible physical property and injury to the body of a person.

In *Maki v City of East Tawas,* 385 Mich 151; 188 NW2d 593 (1971), the Supreme Court held that § 7

of the governmental immunity act was unconstitutional as violative of the title-object clause. At the time of that decision, the title of the act granted immunity to governmental units from liability "for injuries to property and persons *caused by negligence*". (Emphasis added.) 1964 PA 170. The Court held that the "tort" immunity granted in § 7 was broader than the "negligence" immunity granted in the act's title.

The Legislature responded by reenacting the immunity statute under an amended title. The "caused by negligence" language was deleted. 1970 PA 155, § 1.

In interpreting statutes we are guided by MCL 8.3a; MSA 2.212(1):

"All words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning."

The trial court erroneously concluded that "injuries to property and persons" had acquired a peculiar meaning in the law. He relied on *Sweet v Shreve*, 262 Mich 432; 247 NW 711 (1933), where the Supreme Court held that an action for fraud was governed by the general six-year statute of limitations instead of the three-year statute governing injuries to persons or property. The Supreme Court went on to state that the three-year limitation applied only to actions involving specific property. As noted in *Krum v Sheppard*, 255 F Supp 994 (WD Mich, 1966), *aff'd* 407 F2d 490 (CA 6, 1967), this statement was not necessary to the decision and was merely obiter dictum.

In other contexts, the phrase "injuries to prop-

erty and persons" has been interpreted more broadly; injury to specific tangible property or injury to the body of a person has not always been required. See, *e.g., Krum v Sheppard, supra, Probst v Jones,* 262 Mich 678; 247 NW 779 (1933), *Stringer v Sparrow Hospital Bd of Trustees,* 62 Mich App 696; 233 NW2d 698(1975), *lv den* 395 Mich 768 (1975), Anno: *What constitutes "injury in person or property" within civil damage or dram shop act,* 6 ALR2d 798.

We are not willing to adopt the trial court's restrictive interpretation of the phrase "injuries to property and persons". As currently worded, the title of the governmental immunity act gives fair and adequate notice of the act's purpose and content. If we read the phrase "according to common and approved usage" we must decline to limit it to physical injuries. *Stringer v Sparrow Hospital Bd of Trustees, supra* at 702.[1] Our holding is limited to the narrow issue raised on appeal. We express no opinion as to the merits of the governmental immunity defense raised by defendant.[2]

The trial court's ruling that § 7 of the govern-

[1] Our holding accords with dicta in several cases where Supreme Court Justices have indicated that the Legislature's response to the *Maki* decision cured the title object defect in § 7. *See e.g., Thomas v Dept of State Highways,* 398 Mich 1, 15, fn 2; 247 NW2d 530 (1976), *Pittman v City of Taylor,* 398 Mich 41, 46, 53; 247 NW2d 512 (1976), *Peters v Dept of State Highways,* 400 Mich 50, 56, fn 5; 252 NW2d 799 (1977), *Rosario v Lansing,* 403 Mich 124, 130; 268 NW2d 230 (1978), *Gerzeski v Dept of State Highways,* 403 Mich 149, 165; 268 NW2d 525 (1978). *See also Miller v Oakland County Road Comm,* 43 Mich App 215, 221; 204 NW2d 141 (1972), *Bennett v Attorney General,* 65 Mich App 203, 205, fn 1; 237 NW2d 250 (1975).

[2] Plaintiff alleged defendant's responsibility for creation of an "inherently dangerous condition". Two theories of recovery were mentioned: negligence and attractive nuisance. The Supreme Court has recently discussed the availability of the defense of governmental immunity in an action where the injured party relies upon a nuisance in fact or attractive nuisance theory. We refer the parties to *Rosario v Lansing,* 403 Mich 124; 268 NW2d 230 (1978), and *Gerzeski v Dept of State Highways,* 403 Mich 149; 268 NW2d 525 (1978).

mental immunity act is unconstitutional is reversed. The cause is remanded for further proceedings.