PEOPLE v SHARIF

Docket No. 77-989. Submitted October 18, 1978, at Detroit.—Decided November 27, 1978. Leave to appeal applied for.

Ahmed M. Sharif was convicted, on his plea of guilty but mentally ill, of second-degree criminal sexual conduct, Wayne Circuit Court, Joseph G. Rashid, J. The defendant appeals alleging 1) that he should be allowed to withdraw his plea because he has not been provided with psychiatric evaluation and treatment, 2) that the statute which provides for the "guilty but mentally ill" verdict violates the title-object clause of the Michigan Constitution, and 3) that he has been deprived of equal protection of the law because prisoners who are transferred to the custody of the department of mental health do obtain a hearing for the determination of mental illness. *Held:*

1. Neither the prosecutor nor the trial court made any promise to the defendant that in return for the plea psychiatric evaluation and treatment would be provided; therefore, the refusal to allow the defendant to withdraw his plea was proper.

2. The statute which provides for the "guilty but mentally ill" verdict does not violate the title-object clause of the Michigan Constitution.

3. The primary purpose of the hearing for determination of mental illness for prisoners being transferred to the custody of the mental health department is to determine whether treatment can best be provided by a mental health facility. Thus it is reasonable for the Legislature to provide such a hearing only

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 485, 491, 493, 494, 503-506.

Right to withdraw guilty plea in state criminal proceeding where court refuses to grant concessions contemplated by plea bargaining. 66 ALR3d 902.

[2, 3] 18 Am Jur 2d, Coram Nobis and Allied Statutory Remedies § 19.

21 Am Jur 2d, Criminal Law §§ 485-487.

39 Am Jur 2d, Habeas Corpus § 60.

Degree of mental competence, required of accused who pleads guilty, sufficient to satisfy requirement, of Rule 11 of Federal Rules of Criminal Procedure, that guilty pleas be made voluntarily and with understanding. 31 ALR Fed 375.

for those prisoners whom corrections officials contemplate transferring.

Affirmed.

1. CRIMINAL LAW—PLEAS OF GUILTY—WITHDRAWAL OF PLEAS—PROMISES OF LENIENCY—UNFULFILLED PROMISES.

A criminal defendant's plea may be withdrawn and the case proceed to trial where the evidence establishes that the prosecutor or the judge has made a statement which fairly interpreted by the defendant is a promise of leniency and the assurance is unfulfilled.

2. CONSTITUTIONAL LAW—CRIMINAL LAW—GUILTY BUT MENTALLY ILL—TITLE-OBJECT CLAUSE—STATUTES.

The statute which created the verdict of guilty but mentally ill does not violate the title-object clause of the Michigan Constitution (Const 1963, art 4, § 24; MCL 768.36[3]; MSA 28.1059[3]).

3. CONSTITUTIONAL LAW—CRIMINAL LAW—EQUAL PROTECTION—GUILTY BUT MENTALLY ILL—MENTAL HEALTH DEPARTMENT—HEARINGS—STATUTES.

A defendant who has been found guilty but mentally ill has not been denied equal protection of the law by a statutory procedure whereby prisoners transferred to the custody of the department of mental health are given a hearing for the determination of mental illness because all prisoners adjudicated guilty but mentally ill are to receive evaluation and the primary purpose of the hearing is to determine whether treatment can best be provided by a mental health facility and it is, therefore, reasonable for the Legislature to provide a hearing only for those prisoners whom corrections officials contemplate transferring (MCL 330.2000, 768.36[3]; MSA 14.800[1000], 28.1059[3]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward F. Wilson,* Principal Attorney, Appeals, and *Anne B. Wetherholt,* Assistant Prosecuting Attorney, for the people.

*Norris J. Thomas, Jr.,* Assistant State Appellate Defender, and *Dawn Van Hoek,* Research Attorney, for defendant on appeal.

Before: BEASLEY, P.J., and R. B. BURNS and J. H.
VANDERWAL,* JJ.

R. B. BURNS, J. Defendant was charged with
first-degree criminal sexual conduct, MCL
750.520b; MSA 28.788(2). Pursuant to a plea bar-
gain, defendant pled guilty but mentally ill to
second-degree criminal sexual conduct, MCL
750.520c; MSA 28.788(3), in exchange for the pros-
ecutor's promise that defendant would not be tried
on the original charge. He appeals and we affirm.

Defendant alleges on appeal that he has not
been provided with the evaluation and psychiat-
rically indicated treatment which the department
of corrections is statutorily obligated to provide.
MCL 768.36(3); MSA 28.1059(3). Characterizing
this statutory obligation as a promise of treatment,
defendant argues by analogy to plea bargain cases,
see, *e.g., Santobello v New York,* 404 US 257; 92 S
Ct 495; 30 L Ed 2d 427 (1971), *In re Valle,* 364
Mich 471; 110 NW2d 673 (1961), that he is entitled
to a remand to establish that the promise has been
broken and that he is entitled to withdrawal of the
plea.

In *In re Valle,* the Supreme Court held:

"If the evidence establishes that the prosecutor or the
judge has made a statement which fairly interpreted by
the defendant * * * is a promise of leniency, and the
assurance is unfulfilled, the plea may be withdrawn and
the case proceed to trial." 364 Mich at 477–478; 110
NW2d at 677.

Our review of the plea transcript reveals that the
decision to plead guilty but mentally ill, as op-
posed to guilty, was defendant's, and merely acqui-

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

esced in by the prosecutor. The trial court clearly disclaimed authority to assure that the department of corrections would evaluate and treat defendant and stated that it could only recommend such treatment. Thus, there were no promises made which can bring this case within the rule established by *Valle*.

Defendant contends that 1975 PA 180, creating the guilty but mentally ill verdict, by amending 1927 PA 175, the code of criminal procedure, violates the title-object clause, Const 1963, art 4, § 24, because it contains provision for treatment and parole for those pleading or found guilty but mentally ill. See MCL 768.36(3); MSA 28.1059(3). The statute is presumptively constitutional, and the title must be construed reasonably, not narrowly. The statute may contain provisions which "directly relate to, carry out and implement the principal object". *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441, 464–465; 208 NW2d 469, 473 (1973). Provisions for treatment and parole of those pleading or found guilty but mentally ill are germane to the principal object of creation of the plea or verdict, which is encompassed within the title provision "to provide for judgments and sentences of persons convicted of criminal offenses". The statute does not violate the title-object clause.

Defendant argues by analogy to *People v McQuillan,* 392 Mich 511, 544–545; 221 NW2d 569, 584–585 (1974), that the trial court lacked jurisdiction to make the determination of whether defendant was mentally ill at the time of the offense. However, unlike in *McQuillan,* here the trial court had statutory authority to make the determination. MCL 768.36(2); MSA 28.1059(2). Defendant's argument is without merit.

Defendant also argues that MCL 768.36; MSA 28.1059 violates due process by creating an irrational presumption that, if a defendant was mentally ill at the time of the offense, he will be mentally ill at the time of and throughout incarceration. It is alleged that due process requires a hearing before defendant may be incarcerated for treatment. *People v McQuillan, supra.* This argument is also without merit. Defendant was incarcerated because he was guilty of a crime, not because he was mentally ill. The statute does not presume defendant needs treatment because he was mentally ill at the time of the offense. Rather, the statute provides for an evaluation and such treatment as is psychiatrically indicated. We need not reach the issue of whether defendant is entitled to a hearing in addition to evaluation prior to treatment, as defendant has alleged in his first issue on appeal that he has not received treatment, and because defendant indicated when he pled guilty but mentally ill that he did so because he wanted treatment. Thus, there is no factual support for an inference that defendant has been subjected to unconsented-to treatment without due process.

Lastly, defendant argues that he has been deprived of equal protection of the law because prisoners transferred to the custody of the department of mental health do obtain a hearing for the determination of mental illness. MCL 330.2000, 768.36(3); MSA 14.800(1000), 28.1059(3). However, since all prisoners adjudicated guilty but mentally ill are to receive evaluation, the primary purpose of the hearing is to determine whether treatment can best be provided by a mental health facility. MCL 330.2000(5); MSA 14.800(1000)(5). It is thus

reasonable for the Legislature to provide a hearing only for those whom corrections officials contemplate transferring.

Affirmed.