PEOPLE v TRUPIANO

Docket No. 47346. Submitted April 10, 1980, at Lansing.—Decided May 6, 1980. Leave to appeal denied, 409 Mich 895.

Michael A. Trupiano was convicted, on his plea of guilty, of delivery of cocaine, Oakland Circuit Court, Robert L. Templin, J. Defendant appeals, alleging that the section of the Public Health Code under which he was convicted violates the title-object clause of the Michigan Constitution, that the circuit court improperly relied upon a constitutionally infirm prior conviction when sentencing him, and that he was denied effective assistance of counsel because his attorney did not object to those alleged errors as they occurred. *Held:*

1. The Public Health Code embraces only one object, the protection and promotion of public health, which is expressed in the title. That purpose includes the proscription of controlled substances and penalties for violation of that proscription. The code does not violate the title-object clause of the Constitution.

2. There is no support in the record for defendant's contention that the circuit judge relied on an invalid prior conviction when sentencing the defendant.

3. Defendant was not denied effective assistance of counsel.

Affirmed.

1. CONSTITUTIONAL LAW — TITLE-OBJECT CLAUSE — CONSTRUCTION.

The purpose of the title-object clause of the Michigan Constitution, which provides that no law shall embrace more than one object which shall be expressed in its title, is to assure fair notice to legislators and the public of a statute's content and to prevent deceit and subterfuge; in effectuating these purposes, courts must construe an act's title reasonably, not in a narrow and technical sense (Const 1963, art 4, § 24).

2. HEALTH — PUBLIC HEALTH CODE — CRIMINAL LAW — CONTROLLED SUBSTANCES — CONSTITUTIONAL LAW — STATUTES.

Reference in the title of the Public Health Code to the protection

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 73 Am Jur 2d, Statutes § 119 *et seq.*
[2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 17.
[3] 21 Am Jur 2d, Criminal Law §§ 533, 572, 585.

and promotion of public health as the purpose of the code necessarily includes proscriptions and penalties on the use of controlled substances; therefore, a section of the code which provides such proscriptions and penalties does not violate the title-object clause of the Michigan Constitution (Const 1963, art 4, § 24, MCL 333.7401; MSA 14.15[7401]).

3. CRIMINAL LAW — SENTENCING — INVALID CONVICTIONS — REMAND.
   An appellate court should remand a criminal case for resentencing if the record shows that the sentencing judge considered a defendant's prior conviction which had been obtained without the defendant's having been afforded his right to counsel.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Robert F. Davisson,* Assistant Prosecuting Attorney, for the people.

*Paul G. Valentino, J.D., P.C.* (by *Larry A. Smith),* for defendant on appeal.

Before: D. C. RILEY, P.J., and R. B. BURNS and N. J. KAUFMAN, JJ.

PER CURIAM. Defendant pled guilty to delivery of between 50 and 225 grams of cocaine in violation of MCL 333.7401; MSA 14.15(7401). He was sentenced to 10 to 20 years imprisonment, with a two day credit for time previously served. From this conviction and sentence, defendant appeals as of right under GCR 1963, 806.1.

Defendant raises three claims of error which we shall address *seriatim.* First, defendant contends that the statute under which he was convicted violates the title-object clause of Const 1963, art 4, § 24.

The title-object clause provides in pertinent part:

"No law shall embrace more than one object, which shall be expressed in its title."

In *Bragg v Kalamazoo,* 86 Mich App 700, 702; 273 NW2d 530 (1978), this Court analyzed the title-object clause thusly:

"The purpose of the title-object clause is to assure fair notice to legislators and the public of a statute's content and to prevent deceit and subterfuge. *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441, 465; 208 NW2d 469 (1973). In effectuating these purposes, courts must construe an act's title reasonably, not in a narrow and technical sense."

In accord: *People v Sharif,* 87 Mich App 196, 199; 274 NW2d 17 (1978), wherein it is stated that a statute is "presumptively constitutional".

The title-object clause embodies two separate concepts, each of which is a prerequisite to statutory validity. As stated in *Advisory Opinion on Constitutionality of 1975 PA 227,* 396 Mich 123, 128; 240 NW2d 193 (1976), these concepts are:

"1. That the law shall not embrace more than one object and

"2. That the object which the law embraced shall be expressed in its title."

With this as background, then, we shall examine the Public Health Code and the statutory section under which defendant was convicted.

The Public Health Code indicates that it is:

"AN ACT to protect and promote the public health; to codify, revise, consolidate, classify, and add to the laws relating to public health; to provide for the prevention and control of diseases and disabilities; to provide for the classification, administration, regulation,

financing, and maintenance of personal, environmental, and other health services and activities; to create or continue, and prescribe the powers and duties of, departments, boards, commissions, councils, committees, task forces, and other agencies; to prescribe the powers and duties of governmental entities and officials; to regulate occupations, facilities, and agencies affecting the public health; to promote the efficient and economical delivery of health care services, to provide for the appropriate utilization of health care facilities and services and to provide for the closure of hospitals or consolidation of hospitals or services; to provide for the collection and use of data and information; to provide for the transfer of property; to provide certain immunity from liability; to provide for penalties and remedies; and to repeal certain acts and parts of acts."

The statutory portion of the Public Health Code under which defendant was convicted, MCL 333.7401; MSA 14.15(7401), provides in pertinent part:

"(1) Except as authorized by this article, a person shall not manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance. A practitioner licensed by the administrator under this article shall not dispense, prescribe, or administer a controlled substance for other than legitimate and professionally recognized therapeutic or scientific purposes or outside the scope of practice of the practitioner, licensee, or applicant.

"(2) A person who violates this section as to:

"(a) A controlled substance classified in schedule 1 or 2 which is either a narcotic drug or described in section 7214(a)(iv) and:

\* \* \*

"(iii) Which is in an amount of 50 grams or more, but less than 225 grams, of any mixture containing that substance is guilty of a felony and shall be either imprisoned for not less than 10 years nor more than 20 years or placed on probation for life."

The first concept to be addressed is whether or not the Public Health Code embraces more than one object. The Supreme Court has recognized a wide degree of discretion in reviewing legislative enactments which constitute a "code". In *Advisory Opinion re Constitutionality of 1972 PA 294, supra,* the Court noted at 463:

"Emphasis is given to the fact that the subject matter constitutes a code and that inherently the scope of a code must be broad enough to encompass the various facets necessary to the drafting of a unified law. If we fail to permit such a design codes may not be enacted in Michigan so long as the 'one-object' limitation is present in the constitution."

In view of the foregoing, we conclude that the body of the Public Health Code does not violate the one-object doctrine. The act's reference to the protection and promotion of the public health as its purpose necessarily includes proscriptions and penalties on the use of controlled substances. Conversely, we find that the object embraced by the statute under which defendant was convicted is expressed in the title clause of the Public Health Code.

In his second allegation of error, defendant contends that the trial court improperly relied upon a prior constitutionally infirm juvenile drug conviction to enhance his sentence. The constitutional infirmity of this prior conviction, according to defendant, is that it was obtained without affording defendant his right to counsel under *Gideon v Wainwright,* 372 US 335; 83 S Ct 792; 9 L Ed 2d 799; 93 ALR2d 733 (1963). Defendant cites *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972), and *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974), for the proposition that such

a conviction cannot be used either to support guilt or to enhance punishment for a subsequent offense.

In *People v Moore, supra,* at 440, the Supreme Court stated:

"The rule which we glean from what the United States Supreme Court did in *Tucker* is that where the record shows that the sentencing judge considered a conviction invalid under *Gideon* an appellate court will remand for resentencing."

In accord: *People v Watroba,* 89 Mich App 718, 723; 282 NW2d 196 (1979).

We have reviewed the sentencing transcript and found no mention of defendant's juvenile drug conviction. Moreover, additional review of the transcript of defendant's motion to withdraw his plea or set aside his conviction suggests no specific consideration of defendant's juvenile conviction by the trial court. Therefore, we find defendant's allegation to be without support.

Defendant's third and final claim of error is that he was denied effective assistance of counsel in that defense counsel did not lodge objections to the aforementioned errors as they occurred. In view of the fact that we have already concluded that defendant's first two allegations of error were unfounded, we find that defense counsel's inaction did not constitute ineffective assistance.

Affirmed.