PEOPLE v CARMOUCHE

Docket No. 54410. Submitted November 5, 1981, at Grand Rapids.—
Decided January 6, 1982.

Eric Carmouche was convicted by a jury in Calhoun Circuit Court
of having committed assault with intent to do great bodily
harm less than murder and of possession of a firearm during
the commission of a felony. He was sentenced to a term of 3 to
10 years imprisonment for the assault conviction and a term of
2 years for the felony-firearm conviction, Creighton R. Cole-
man, J. Defendant thereafter pled guilty to being an habitual
offender, second offense. The sentence imposed for the assault
conviction was vacated and defendant was sentenced to 5 to 15
years imprisonment under the habitual offender statute. The
felony-firearm sentence was not disturbed. Defendant appeals.
*Held:*

1. The trial court did not err in imposing sentence for both
the habitual offender and the felony-firearm convictions.

2. The matter is remanded in order that a hearing may be
held on the issue of whether the sentencing judge considered
constitutionally infirm juvenile convictions in setting the habit-
ual offender sentence.

3. The habitual offender and felony-firearm convictions are
affirmed. The felony-firearm sentence is also affirmed. The
habitual offender sentence is held in abeyance pending the
outcome of the hearing on remand.

Affirmed in part and remanded.

1. Criminal Law — Habitual Offenders — Sentencing.

A trial court may resentence a defendant to a greater punish-
ment as permitted by statute where the defendant is subse-
quently convicted of being an habitual offender; upon resen-
tencing, the court is required to vacate the previous sentence,

References for Points in Headnotes
[1, 3] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
§ 2.
[2] 21 Am Jur 2d, Criminal Law § 552.
21A Am Jur 2d, Criminal Law § 29.
[3] 79 Am Jur 2d, Weapons and Firearms § 22.

deducting from the new sentence all time actually served on the vacated sentence if required (MCL 769.10-769.13; MSA 28.1082-28.1085).

2. CRIMINAL LAW — FELONY-FIREARM — LEGISLATIVE INTENT.

It was the intent of the Legislature in enacting the felony-firearm statute to create a separate crime distinct from the underlying felony and that cumulative punishment should be imposed.

3. CRIMINAL LAW — FELONY-FIREARM — HABITUAL OFFENDERS — SENTENCING.

Nothing in the felony-firearm statute nor the habitual offender statutes mandates that a felony-firearm sentence be vacated where the sentence on the underlying felony conviction is vacated for purposes of sentence enhancement under the habitual offender statutes (MCL 750.227b, 769.10-769.13; MSA 28.424[2], 28.1082-28.1085).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Richard A. Pattison,* Assistant Prosecuting Attorney, for the people.

*Susan J. Smith,* Assistant State Appellate Defender, for defendant on appeal.

Before: R. B. BURNS, P.J., and BASHARA and M. R. KNOBLOCK,* JJ.

PER CURIAM. Defendant was convicted by a jury of having committed assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279. He was also convicted of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to prison terms of 3 to 10 years for the assault conviction and 2 years for the felony-firearm conviction. These convictions are currently pending on appeal in this Court.

Subsequently, defendant pled guilty to being an

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

habitual offender, second offense, MCL 769.10; MSA 28.1082. The sentence imposed for the assault conviction was vacated and defendant was sentenced to 5 to 15 years in prison under the habitual offender statute. The mandatory two-year felony-firearm sentence was not disturbed.

On appeal, defendant asserts that the trial court erred in not setting aside the two-year felony-firearm sentence. Our review of the law leads us to conclude that the trial court did not err in imposing sentences for both the habitual offender and the felony-firearm convictions.

Where a defendant is convicted as being an habitual offender, the trial court may resentence him to greater punishment as detailed in the statute. MCL 769.10-769.12; MSA 28.1082-28.1084. Upon resentencing, the court is required to "vacate the previous sentence, deducting from the new sentence all time actually served on the vacated sentence if required". MCL 769.13; MSA 28.1085.

We do not read the habitual offender statute as requiring that the felony-firearm sentence also be set aside. In enacting the felony-firearm statute, the Legislature intended to create a separate crime distinct from the underlying felony and intended that cumulative punishment should be imposed. *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374, 389; 280 NW2d 793 (1979), *app dis* 444 US 948; 100 S Ct 418; 62 L Ed 2d 317 (1979). To hold that the felony-firearm sentence is nullified upon an habitual offender conviction and resentencing on the underlying felony would circumvent the intent of the Legislature in enacting both statutes.

The felony-firearm conviction had no bearing on the habitual offender charge, which was based

upon the assault conviction and a 1971 conviction for breaking and entering an unoccupied building with the intent to commit larceny, MCL 750.110; MSA 28.305. We find nothing in the felony-firearm and habitual offender statutes mandating that the felony-firearm sentence be vacated.

Defendant seeks resentencing on other grounds. It is alleged that the sentencing judge considered constitutionally infirm juvenile convictions in setting the habitual offender sentence. The prosecution has agreed that remand is necessary in order that a *Tucker*[1] hearing may be held on the issue. Accordingly, the matter is remanded for further proceedings as outlined in *People v Moore*, 391 Mich 426; 216 NW2d 770 (1974). Also see *People v Trupiano*, 97 Mich App 416; 296 NW2d 49 (1980).

The habitual offender and felony-firearm convictions are affirmed. The felony-firearm sentence is also affirmed. The habitual offender sentence is held in abeyance pending the outcome of the *Tucker* hearing. We do not retain jurisdiction.

[1] *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972).