## PEOPLE v COVINGTON

Docket No. 80826. Submitted May 13, 1985, at Lansing.—Decided August 5, 1985. Leave to appeal applied for.

Michael G. Covington pled guilty in Eaton Circuit Court to a charge of uttering and publishing and was sentenced to from 9 to 14 years in prison, Richard M. Shuster, J. Defendant appealed. *Held:*

1. The fact that the presentence report included a record of several juvenile adjudications at which defendant alleges he was not represented by counsel together with the fact that the trial judge may have considered those adjudications in sentencing defendant does not entitle defendant to resentencing. A juvenile adjudication without counsel is not per se constitutionally infirm. Thus, any adjudications contained in the presentence report could be permissibly considered by the trial judge.

2. The fact that the presentence report contained a record of four misdemeanor convictions obtained where defendant was not represented by counsel does not entitle defendant to resentencing. Considering defendant's record, the sentence would not have been any different even if the court had not considered those misdemeanor convictions.

3. The sentence imposed was neither cruel nor unusual under either the United States or Michigan Constitution and does not shock the conscience of the Court of Appeals.

Affirmed.

References for Points in Headnotes

[1] Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 16-21.

See the annotations in the ALR3d/4th Quick Index under the topic Juvenile Courts and Delinquency.

[2] Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 38.

Validity and efficacy of minor's waiver of right to counsel—modern cases. 25 ALR4th 1072.

[3] Am Jur 2d, Criminal Law § 528.

Defendant's right to disclosure of presentence reports. 40 ALR3d 681.

[4] Am Jur 2d, Criminal Law §§ 629, 630.

Imposition of enhanced sentence under recidivist statute as cruel and unusual punishment. 27 ALR Fed 110.

1. INFANTS — PROBATE COURT — ADJUDICATIONS.

    A juvenile is subject to an adjudication of whether his conduct brings him within the jurisdiction of the probate court; there is no such thing as a "juvenile conviction".

2. INFANTS — ADJUDICATIONS — LACK OF COUNSEL.

    A juvenile adjudication at which the juvenile is not represented by counsel is not per se constitutionally infirm.

3. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS — MISDEMEANOR CONVICTIONS — LACK OF COUNSEL.

    A presentence report may contain as a reflection on a defendant's antecedents, character, and circumstances a record of the defendant's misdemeanor convictions obtained where the defendant was not represented by counsel (MCL 771.14[1]; MSA 28.1144[1]).

4. CRIMINAL LAW — SENTENCING — HABITUAL OFFENDERS — FORGERY.

    A sentence of from 9 to 14 years in prison imposed upon a defendant convicted of uttering and publishing does not shock the conscience of the Court of Appeals where the defendant had a history of illegal activity and the sentence was not cruel and unusual under either the federal or state constitution.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *G. Michael Hocking*, Prosecuting Attorney, and *K. Davison Hunter*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Karla K. Goodman*), for defendant.

Before: T. M. BURNS, P.J., and ALLEN and M. J. TALBOT,* JJ.

M. J. TALBOT, J. Defendant appeals as of right from his plea-based conviction of uttering and publishing, MCL 750.249; MSA 28.446. He was sentenced to from 9 to 14 years' imprisonment. Defendant was also charged in a supplemental

---

  * Recorder's Court judge, sitting on the Court of Appeals by assignment.

information with being a fifth-felony offender, and pursuant to a plea bargain, he pled guilty to the uttering and publishing count in return for dismissal of the supplemental information. Defendant raises two issues on appeal: Whether the case must be remanded to the trial court for a hearing to determine if the court relied on several juvenile adjudications and misdemeanor convictions at which defendant did not have the benefit of counsel and whether the trial court abused its discretion in imposing a sentence which should shock the conscience of this Court.

The presentence report in this case lists numerous entries under the heading "Previous Criminal History: Juvenile:". By affidavit filed in this Court, defendant states that to the best of his recollection he was neither represented by nor waived counsel at any of his juvenile court appearances. Suffice it to say that the presentence report discloses that defendant was made a ward of the state and committed to Camp Highfields from 1968 to 1971 based on juvenile adjudications including larceny in a building, unlawfully driving away an automobile, glue sniffing, larceny from an automobile and breaking and entering.

Defendant would have this Court accept the position that a "juvenile conviction" without counsel is as constitutionally infirm as its adult counterpart and should, therefore, not be considered in sentencing. Defendant relies on *Kent v United States*, 383 US 541; 86 S Ct 1045; 16 L Ed 2d 84 (1966), and *People v Carmouche*, 112 Mich App 325; 315 NW2d 924 (1982). In *Kent*, the United States Supreme Court in addressing the question of waiver of jurisdiction from juvenile to adult court did hold that assistance of counsel in the "critically important" determination of waiver is essential to the proper administration of juve-

nile proceedings. 383 US 553. Justice Fortas for the majority also went on to say that:

"This concern, however, does not induce us in this case to accept the invitation to rule that constitutional guaranties which would be applicable to adults charged with the serious offenses for which Kent was tried must be applied in juvenile court proceedings concerned with allegations of law violation." 383 US 556. (Footnote omitted.)

*People v Carmouche, supra,* was simply remanded, based on agreement of the prosecutor, to determine whether the sentencing judge considered constitutionally infirm juvenile convictions. To the extent that *Carmouche* refers to "juvenile convictions", it incorrectly states the law. A juvenile is subject to an adjudication of whether his conduct brings him within the jurisdiction of the probate court; there is no such thing as a "juvenile conviction". As to the agreed upon constitutional infirmity that might have existed, *Carmouche* does not state what the infirmity is. We do hold that a juvenile adjudication without counsel is not per se constitutionally infirm. Thus, the adjudications contained in defendant's presentence report, even if his affidavit is accepted, were permissibly considered by the sentencing judge.

Defendant further requests a remand for a hearing in compliance with *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972), and *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974), in relation to four misdemeanor convictions appearing in the presentence report heading "Previous Criminal History: Adult:". The four misdemeanors were, specifically:

8/23/71, Lansing, glue sniffing;
3/6/80, Lansing, two counts of assault and battery;

2/22/81, Lansing, glue sniffing and disorderly;
3/19/81, Lansing, glue sniffing and disorderly.

The presentence report notes these convictions were obtained where defendant was not represented by counsel. The presentence report also sets forth the following adult entries (convictions not in dispute on appeal):

12/22/71, Lansing, B & E, 3 years probation, 1st 8 months jail;
12/29/72, Lansing, Violation Probation, 2-1/2 to 10 yrs, SPSM;
12/29/72, Lansing, B & E, 2-1/2 to 10 yrs SPSM;
2/9/75, Lansing, B & E, 4 to 10 yrs SPSM;
2/9/75, Lansing, Att. R & C 0/$100, 1 yr 8 mos to 2-1/2 yrs SPSM;
1/26/77, Prison Escape, 9 mos to 5 yrs;
11/3/78, Paroled to Lansing;
4/18/80, Returned as parole violator;
9/23/80, Paroled to Lansing;
10/24/80, Lansing, Entry W/O Permission, 90 days;
8/24/81, Lansing, Larceny Building, 300 days;
3/23/83, Discharge Parole;
6/28/83, Lansing, U & P Instant Offense.

It should be noted that at sentencing both defendant and his counsel acknowledged that they had reviewed the presentence report and found it factually correct. Moreover, defense counsel elaborated on the question of defendant's abuse of controlled substances and stated that defendant had successfully completed programs which had resulted in his being free from the problem since parole in March, 1983. It should also be understood that presentence reports are not governed by the rules of evidence.

We find that it was proper for the writer of the presentence report to include defendant's misde-

meanor convictions as a reflection on defendant's "antecedents, character, and circumstances". MCL 771.14(1); MSA 28.1144(1). Defendant had the opportunity not only to challenge the accuracy of the report but also was permitted to give the court additional facts to clarify and explain his substance abuse problem. What this Court must ultimately determine is whether under *People v Moore, supra,* p 437, the sentence "might have been different" if these misdemeanor convictions had not been before the sentencing judge.

In *Tucker* and *Moore,* the records showed that the trial judges gave specific consideration to the challenged invalid convictions. Here, the record is just the opposite. We see no reason to remand for a *Tucker* hearing only to have the trial judge ask rhetorically, "Do they really think I cared about those little misdemeanors or that the sentence might have been different without them?". Applying the "might have been different" standard, we see no reason to remand.

Defendant also requests review of his sentence on the basis of *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). At sentencing the trial judge reviewed defendant's prior criminal record. Defendant was age 29 at the time of sentencing. The court noted: "You have a record, Mr. Covington, that is such that this Court does not believe that society should have to be subjected to anymore of this". We agree. Under these circumstances we cannot say that the sentence was cruel and unusual under either the United States or Michigan Constitution. After reading the presentence report, we cannot say that the sentence shocks our conscience. *Cf. People v Landis,* 139 Mich App 120; 361 NW2d 748 (1984). In deference to the dissent in *Landis, supra,* p 123, we believe that even a conscience "rendered insipid from overexposure to

multitudes of lesser penalties for violent and heinous crimes" would agree that in this defendant's case, enough is enough! Defendant's number was up and it was 9—as in 9 to 14 years.

Affirmed.