PEOPLE v DANIELS

Docket No. 86290. Submitted December 5, 1985, at Lansing.—Decided March 3, 1986.

Defendant, David T. Daniels, was convicted by the Jackson Circuit Court on his plea of nolo contendere to breaking and entering a building with intent to commit malicious destruction of property. The circuit court, Gordon W. Britten, J., sentenced defendant to from 2½ to 10 years in prison. Defendant's subsequent motion to have his sentence vacated was denied by the circuit court. Defendant appealed. *Held:*

1. The statute providing for the review of a presentence report by a defendant and his counsel does not require a sentencing court to verify on the record that the defendant has reviewed or been given the opportunity to review the presentence report prior to sentencing. Rather, it prohibits the court from denying counsel or the defendant access to the report. A review of the record convinced the Court of Appeals that the circuit court allowed access to both defendant and his counsel and thereby complied with the statute.

2. The circuit court's reliance on psychiatric and psychological information on defendant, contained in the presentence report, was proper. The information was not confidential, since defendant had admitted to the presentence investigator that he had a fetish for women's clothing and defendant's estranged wife told the investigator that defendant had violent tendencies and had an extremely difficult time opening up and relating to others. In addition, defense counsel encouraged the court to consider defendant's psychological problems when sentencing him.

3. The preparation of a presentence report is not an adversary proceeding or a critical stage of the proceedings requiring a warning to a defendant of the privilege against self-incrimi-

REFERENCES

Am Jur 2d, Criminal Law §§ 596, 603, 967-975.

Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 38, 55 *et seq.*

Defendant's right to disclosure of presentence report. 40 ALR3d 681.

nation or of the right to counsel's presence at the presentence interview. Therefore, defendant's Fifth Amendment privilege against self-incrimination and his Sixth Amendment right to counsel were not violated, as he claimed.

4. Juvenile adjudications are not convictions. Prior juvenile adjudications, even without defendant's representation by counsel, may be considered by a sentencing court. Thus, the circuit court properly considered defendant's juvenile record in sentencing him.

5. The circuit court properly articulated on the record the reasons for the sentence which it imposed on defendant.

Affirmed.

1. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS.

The statute, which requires a sentencing court to permit a defendant to review his presentence report prior to sentencing, does not require the court to verify on the record that the defendant has reviewed or been given the opportunity to review the presentence report prior to sentencing but, rather, prohibits the court from denying counsel or defendant access to the report (MCL 771.14[4]; MSA 28.1144[4]).

2. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS — PRIVILEGE AGAINST SELF-INCRIMINATION — RIGHT TO COUNSEL.

The preparation of a presentence report is not an adversary proceeding or a critical stage of the proceedings requiring a warning to a defendant of the privilege against self-incrimination or of the right to counsel's presence at the presentence interview.

3. CRIMINAL LAW — SENTENCING — JUVENILE RECORD.

Juvenile adjudications are not convictions; a defendant's prior juvenile adjudications without defendant's representation by counsel are not per se constitutionally infirm and may be considered by a court when sentencing the defendant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph S. Filip,* Prosecuting Attorney, and *Brian E. Thiede,* Chief Appellate Attorney, for the people.

*Jon R. Marcus,* for defendant on appeal.

Before: CYNAR, P.J., and WAHLS and GRIBBS, JJ.

GRIBBS, J. Defendant pled nolo contendere pursuant to a plea bargain to breaking and entering a building with intent to commit malicious destruction of property over $100. MCL 750.110; MSA 28.305. He was sentenced to 2½ to 10 years imprisonment. The trial court denied his motion to vacate the sentence. He appeals his sentence as of right. We affirm.

Defendant first contends that his sentence should be vacated because the sentencing court failed to follow MCL 771.14(4); MSA 28.1144(4), which requires that a court permit a defendant to review his presentence report prior to sentencing. This section of the statute provides:

"The court shall permit the prosecutor, the defendant's attorney, and the defendant to review the presentence investigation report prior to sentencing."

The record indicates that defense counsel reviewed the presentence report and had no additions or corrections to make. Afterwards, the sentencing court asked whether defendant had anything to say before sentence was pronounced, whereupon defendant stated that he did not. Defendant, however, contends that counsel's review of the report and the general inquiry of defendant by the sentencing court was insufficient because MCL 771.14(4); MSA 28.1144(4) specifically requires that a sentencing court (i.e., "the court shall") ensure that a defendant has been allowed to review his presentence report. We reject defendant's interpretation of the statute. See *People v Love,* 127 Mich App 596, 606-607; 339 NW2d 493 (1983), *lv gtd* 422 Mich 856 (1985), and cases cited therein for rejection of analogous argument regarding GCR 1963, 785.12, now MCR 6.101(K). The

statute merely requires that the court "shall *permit*" the defendant to review the presentence investigation report prior to sentencing. It does not require the court to verify on the record that the defendant has reviewed or been given the opportunity to review the presentence report prior to sentencing but, rather, prohibits the court from denying counsel or the defendant access to the report. There is nothing on the record in the instant case to indicate that the sentencing court prevented defendant from reviewing the presentence report. Moreover, defense counsel reviewed the report and acknowledged on the record that it was accurate and complete. Thus, on this record, we find that the sentencing court did not violate MCL 771.14(4); MSA 28.1144(4) and that defendant is not entitled to resentencing on this ground.

Defendant further contends that his sentence must be vacated because in sentencing defendant the sentencing court relied on psychiatric and psychological information obtained by the presentence investigator in violation of the physician-patient privilege, MCL 600.2157; MSA 27A.2157, and the psychologist-patient privilege, MCL 333.18237; MSA 14.15(18237). The sentencing court stated at sentencing that "group therapy at Beth Mosher has not helped this young man". This comment was apparently based on the following statement in the presentence investigation report:

"Probation records indicate prior to 1976, the defendant had been involved in group therapy at Beth Mosher and was described as having an unusual attachment towards women's clothing. He was described as disruptive and was removed from group therapy because of 'bizarre speech and problems'. The psychiatric file also indicated that defendant had definite violent

tendencies and would not tell anyone what was on his mind."[1]

The information contained in the statement in the presentence report was not confidential information. Defendant himself admitted to the presentence investigator that he had a "fetish" for women's clothing, and defendant's estranged wife told the investigator that her husband had violent tendencies and had an extremely difficult time opening up and relating to others. In addition, it was defense counsel who focused on defendant's psychological history, who stressed that defendant had sought counseling, and who encouraged the court to consider defendant's psychological problems in sentencing. We find no error in the inclusion of or consideration of these statements at sentencing.

Defendant further argues that his interview by the presentence investigator violated his Fifth Amendment privilege against self-incrimination and his Sixth Amendment right to counsel. Defendant contends that prior to the interview he should have received a warning that his statements could be used against him in determining the length of the sentence, particularly because his plea was one of nolo contendere, where guilt is not admitted. He also contends that prior to the interview he should have been advised of his right to counsel or, in the alternative, defense counsel should have been notified of the time and place of

---

[1] The people contended that the information objected to by defendant was information obtained from a 1976 presentence report in File No. 76-007896-FY in which defendant was evaluated at the Beth Mosher clinic by court order. Although the presentence report in the instant case did indicate that a court-ordered psychological evaluation was conducted at Beth Mosher, it is not clear from the instant report if the objected-to information was obtained during the court-ordered evaluation or during group therapy unrelated to the court-ordered evaluation.

the interview. This Court has rejected similar arguments. In *People v Shively,* 45 Mich App 658, 664-665; 206 NW2d 808 (1973), a nolo contendere plea case, this Court held that the preparation of a presentence report was not an adversary proceeding or a critical stage of the proceedings requiring a warning to the defendant of the privilege against self-incrimination or of the right to counsel's presence at the interview. In *People v Burton,* 44 Mich App 732, 734-735; 205 NW2d 873 (1973), *lv den* 389 Mich 795 (1973), a guilty plea case, this Court also held that prior to a presentence interview defendant was neither entitled to a warning of the privilege against self-incrimination nor entitled to counsel's presence at the presentence interview.

Defendant, however, relies upon *Estelle v Smith,* 451 US 454; 101 S Ct 1866; 68 L Ed 2d 359 (1981), where the United States Supreme Court vacated the death penalty of defendant Smith because a psychiatrist's testimony regarding Smith's future dangerousness was admitted at the sentencing phase of a bifurcated capital murder prosecution where the jury was required to resolve the issue of Smith's future dangerousness in determining whether a death sentence would be imposed. The testimony admitted at the sentencing phase was based on the psychiatrist's court-ordered examination of Smith's competency to stand trial in the earlier guilt determination phase of the bifurcated case. The Supreme Court held that Smith's Fifth Amendment privilege against self-incrimination was denied when Smith was not warned prior to the pretrial psychiatric examination that he had the right to remain silent and that any statement he made could be used against him at the capital sentencing proceeding. The Court further held that Smith was denied his Sixth Amendment right to counsel because defense counsel was not notified

in advance that the pretrial psychiatric examination would encompass the issue of Smith's future dangerousness. Since this was an issue at the capital sentencing proceeding, Smith was denied the assistance of counsel in deciding whether to submit to the examination and to what end the findings could be employed.

We do not find *Estelle* applicable to the instant case. *Estelle* was based upon the peculiarities of a bifurcated capital murder prosecution. In finding that defendant Smith's Fifth Amendment privilege against self-incrimination was implicated, the Court relied on the "distinct circumstances" of the case and the "gravity of the decision to be made at the penalty phase". 451 US 463-466. The Court also cautioned that the Fifth Amendment concerns present in the case before it were "[not] necessarily presented by all types of interviews ordered or relied upon to inform a sentence determination". 451 US 469, fn 13. In deciding that Smith's Sixth Amendment right to counsel had attached to the psychiatric interview, the Court found that the interview proved to be a critical stage of the *aggregate* proceedings and agreed with the United States Court of Appeals that the decision to be made by Smith in submitting to the interview was a life or death matter. 451 US 470-471.

We find *Estelle* limited to the factual situation before the Supreme Court and factually distinguishable from the instant case. The case before us is not one where defendant and counsel were not informed that the presentence interview was to be used for sentencing purposes. Upon acceptance of defenant's plea on November 21, 1984, the trial court informed counsel and defendant that the matter was being referred to the probation department for a presentence investigation and report before the court pronounced sentence on January

3, 1985. By the time the interview was conducted, defendant, in order to limit civil liability for damages to the premises, had already pled nolo contendere to the breaking and entering charge pursuant to a plea bargain in which additional charges of breaking and entering were dropped in exchange for the plea. Thus, we distinguish this case from *Estelle,* where the Supreme Court found a Fifth Amendment violation on the "distinct circumstances" of the case before it, and adhere to this Court's holding in *Shively, supra,* that the failure to warn defendant that any statements made during a presentence interview may be used in determining defendant's sentence does not violate a defendant's Fifth Amendment privilege against self-incrimination.

With respect to defendant's Sixth Amendment right to counsel, defense counsel in the instant case, in contrast to counsel in *Estelle,* was informed that the statutorily-required presentence report, MCL 771.14; MSA 28.1144(4), was to be prepared prior to sentencing. There is no contention on appeal that either defendant or counsel was unaware of the purpose of the report and the use to which it would be put. Nor was this a "life and death" matter as in *Estelle.* Thus the factors compelling the Supreme Court to find that defendant Smith had been denied his right to counsel are not present in the instant case. Moreover, we do not believe that the preparation of the presentence report in this case was a critical stage of the proceedings to which defendant's Sixth Amendment right to counsel attached. *Shively, supra,* p 665; *Burton, supra,* p 735. We agree with this Court's holding in *Burton, supra,* that defendant is not entitled to counsel's presence at presentence interviews. See *Estelle,* 451 US 470, fn 14. Thus there also exists no Sixth Amendment require-

ment that defendant be warned that he has such right to counsel's presence. *Shively,* p 665. Furthermore, since we find that the preparation of the report (as opposed to the sentencing proceeding itself) was not a critical stage of the aggregate proceedings to which defendant's Sixth Amendment right to counsel attached, we find that notice to defense counsel of the specific time and place of defendant's interview was also not required by the Sixth Amendment.

Defendant also contends that his sentence must be vacated because the sentencing court considered constitutionally-invalid prior juvenile convictions in determining defendant's sentence. He argues that the presentence report impermissibly referred to two juvenile convictions at which defendant was not represented by counsel.

Juvenile "convictions" are not convictions, but merely adjudications. Counselless juvenile adjudications are not per se constitutionally infirm and can be considered by the court in sentencing. *People v Covington,* 144 Mich App 652, 654-655; 376 NW2d 178 (1985). Moreover, in the instant case, the sentencing court in its opinion denying defendant's motion to vacate his sentence specifically stated that the court's "sentence of 2½ to 10 years with a recommendation that [defendant] receive psychiatric counselling does not indicate that the court was prejudiced by any factors other than those which had occurred during his adulthood". Thus we find no error on this ground.

Defendant finally argues that the sentencing court did not articulate the reasons for the sentence imposed in violation of *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). We disagree. In sentencing defendant to 2½ to 10 years imprisonment, with a recommendation for psychiatric counseling and assignment to the school program as an

electronics instructor, the sentencing court indicated on the record its reasons for the sentence imposed. Those reasons included defendant's commission of several breakings and enterings of the same building, defendant's prior convictions, defendant's failure to benefit from prior counseling, and defendant's lack of respect for the property of others. We find that the sentencing court satisfied the requirements of *Coles, supra.*

Affirmed.