PEOPLE v SHANES

Docket No. 91161. Submitted September 9, 1986, at Lansing. Decided October 8, 1986.

Dennis Shanes was convicted by the Jackson Circuit Court, James G. Fleming, J., on his plea of guilty of armed robbery and was sentenced to from fourteen to twenty-five years in prison. The circuit court denied defendant's motions to vacate the sentence and to withdraw his guilty plea. Defendant appealed, claiming that the circuit court abused its discretion by imposing a sentence which should shock the conscience of the Court of Appeals upon review and by denying his motion to withdraw his guilty plea.

The Court of Appeals *held:*

1. The sentence imposed resulted from a proper application of the Sentencing Guidelines by the circuit court and therefore may not be set aside on appeal.

2. The circuit court was not obligated by statute to verify on the record that defendant has received or been given the opportunity to review the presentence report prior to sentencing. In any event, defendant's counsel had affirmatively responded to an inquiry by the circuit court whether he had an opportunity to review the presentence report and to review its contents with defendant. The circuit court therefore did not err in denying defendant's request for an evidentiary hearing regarding whether defendant had an opportunity to review the presentence report.

3. Defendant had no right to withdraw his guilty plea once it was accepted.

Affirmed.

REFERENCES

Am Jur 2d, Criminal Law §§ 500 *et seq.,* 535 *et seq.,* 596, 597.

Withdrawal of plea of guilty or nolo contendere, after sentence, under Rule 32(d) of Federal Rules of Criminal Procedure. 9 ALR Fed 309.

Defendant's right to disclosure of presentence report. 40 ALR3d 681.

See also the annotations in the Index to Annotations under Sentence and Punishment.

1. Criminal Law — Sentencing — Sentencing Guidelines.

A sentence which results from a proper application of the Sentencing Guidelines and falls within the range recommended by the guidelines cannot as a matter of law shock the judicial conscience of an appellate court and therefore will not be set aside on appeal.

2. Criminal Law — Sentencing — Presentence Reports.

The statute which requires a sentencing court to permit a defendant to review his presentence report prior to sentencing does not require the court to verify on the record that the defendant has reviewed or been given the opportunity to review the presentence report prior to sentencing, but, rather, prohibits the court from denying defendant or his counsel access to the report (MCL 771.14[4]; MSA 28.1144[4]).

3. Criminal Law — Withdrawal of Guilty Pleas.

A request to withdraw a guilty plea made after sentencing will not be afforded the same liberality afforded to a request made prior to sentencing.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joe Filip,* Prosecuting Attorney, and *Brian E. Thiede,* Chief Appellate Attorney, for the people.

*Parker, Adams, Mazur & Matyjaszek, P.C.* (by *James D. Adams,* for defendant on appeal.

Before: Danhof, C.J., and Allen and D. E. Holbrook, Jr., JJ.

Per Curiam. On October 7, 1985, defendant pled guilty to armed robbery, MCL 750.529; MSA 28.797. On November 21, 1985, he was sentenced to from fourteen to twenty-five years in prison. Thereafter, the trial court denied motions to vacate the sentence and to withdraw his guilty plea.

The first issue we address is defendant's argument that the circuit court so abused its discretion that this Court may and should vacate his sentence pursuant to the "conscience-shocking" stan-

dard set forth by the Supreme Court in *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). Despite this assertion, defendant acknowledges in his brief: "Appellant does not claim his sentence exceeds the Guidelines, as it does not." Accordingly, the question is posed whether a sentence which is within the range recommended in the Sentencing Guidelines may ever be so excessive as to permit this Court to conclude as a matter of judicial conscience that the sentence imposed should not be tolerated.

The guidelines are the product of many years of data compilation and revision. They represent the collective concerns and the opinions of trial judges, appellate judges, and probation personnel, as well as many other interested persons in the law enforcement and judicial community. The guidelines balance a wide variety of sentencing considerations with special attention devoted both to the offender's prior record and the details and circumstances surrounding the charged offense. Felony and misdemeanor as well as adult and juvenile offenses are studied. Inquiry is made as to the severity of the prior offenses and whether the prior acts were similar to the instant offense. As to the charged offense itself, the guidelines scrutinize several variables, for example, whether a weapon was used, displayed, or pointed at a victim, the type of weapon used, the extent of the victim's injury, whether the victim was held captive or carried away, whether there were multiple victims, whether the offender exploited the vulnerability of the victim, whether the offender was a member of a professional crime organization or gang and his role in the organization or gang, the level of the offender's participation in the crime, the extent of contemporaneous criminal activity, the value of property stolen or destroyed, whether

property damage was malicious, and on and on. Finally, the guidelines consider if mitigating circumstances are present.

On January 17, 1984, the Supreme Court ordered every circuit court and Detroit Recorder's court judge to use the guidelines for a period of one year. 418 Mich lxxx. On January 23, 1985, the Supreme Court ordered that use of the guidelines be continued until further order of the Court. 420 Mich lxii. We believe it would be inconsistent to order use of the guidelines and on the other hand hold that their proper application may constitute a shocking abuse of discretion. With no illusions of the guidelines' infallibility, we find that they are an ample consensus of judicial conscience and permissible discretion. Accordingly, we hold as a matter of law that a sentence which falls within the range recommended in the guidelines may not be set aside on appeal.[1] In so holding, we join the panel which reached a similar result in *People v Murray,* 147 Mich App 227, 232; 383 NW2d 613 (1985), lv gtd 425 Mich 870 (1986). Cf., *People v Broden,* 147 Mich 470; 382 NW2d 799 (1985), lv gtd 425 Mich 870 (1986).[2]

---

[1] Defendant contends his participation in the armed robbery was "rather peripheral." In view of the level of his participation and in view of "the extremely light" eight to twenty-five year sentence given to the principally culpable participant, defendant argues his sentence should be reduced.

Sentences are to be individualized and tailored to fit the offender. *People v McFarlin,* 389 Mich 557, 574; 208 NW2d 504 (1973). A sentencing court is not required to consider the sentence received by a codefendant. *People v Bisogni,* 132 Mich App 244; 347 NW2d 739 (1984). Even if it were required to consider such facts, we would find no abuse. Defendant had five prior felony convictions, was on escape status from the Department of Corrections at the time the instant offense was committed and the Sentencing Guidelines indicated a higher range of sentence than was indicated for the coparticipant.

[2] The Supreme Court granted leave in *Murray* and *Broden* and limited the review to the question of whether it is sufficient under *Coles, supra,* for a sentencing judge to refer only to the fact that he

Defendant's remaining arguments require less comment. Defendant argues that he did not have an opportunity to review the presentence report prior to his sentencing hearing. Before the circuit court imposed sentence, defendant's attorney affirmatively responded to an inquiry by the court whether he had an opportunity to review the presentence report and to go over the contents with his client. Defendant argues that the trial court should have also asked him whether he had an opportunity to review the report. This argument has been previously raised and rejected by this Court. *People v Daniels,* 149 Mich App 602; 386 NW2d 609 (1986). MCL 771.14(4); MSA 28.1144(4), the statutory provision upon which defendant relies, does not require the court to verify on the record that defendant has received or been given the opportunity to review the report prior to sentencing. It only prohibits the court from denying counsel or the defendant access to the report. *Id.*

Next, defendant argues that the circuit court erred in refusing to hold an evidentiary hearing on the issue of his opportunity to review the presentence report. In light of our above holding, such a hearing would serve no purpose. Defendant's contention, even if supported by evidence, would not change our conclusion that the claim of error is without merit and is insufficient to render his sentence invalid.

Finally, defendant argues that the trial judge abused his discretion in denying his motion to withdraw his guilty plea. During the guilty plea hearing, defendant stated that he and Fred Norment entered the building with intent to rob the

followed the guidelines when giving reasons for the sentence imposed. We perceive that the instant case addresses an issue distinct from the question upon which the Supreme Court has granted leave.

occupants. After defendant was sentenced, he moved to withdraw his plea, asserting that, while he was present at the scene, he had no knowledge of the intended robbery and that his participation was limited to a "pre-robbery fight between the victim and Fred Norment."

There is no right to withdraw a guilty plea once it is accepted. *People v Bentley,* 94 Mich App 19; 287 NW2d 355 (1979). However, such a request, when offered prior to sentencing, is to be treated with great liberality, especially if the basis for the request is a claim of innocence. *People v Sanders,* 112 Mich App 585, 586; 316 NW2d 266, lv den 413 Mich 917 (1982).

In the instant case, defendant did not move to withdraw the plea until after sentencing. The same liberality in passing upon such motions is not to be accorded where the defendant has already been informed of the length of the prison term. Were we to hold otherwise, any defendant unhappy with his sentence could gain another "shot" simply by asserting he had lied when he had previously confessed criminal intent. In the absence of any compelling evidence of innocence, we find no abuse of discretion in denying defendant's request to withdraw his guilty plea.

Affirmed.