## PEOPLE v RISTICH

Docket No. 94239. Submitted February 10, 1987, at Detroit. Decided July 6, 1988.

Robert G. Ristich pled guilty in the Bay Circuit Court to violation of probation and unlawfully driving away an automobile. The trial court, William J. Caprathe, J., sentenced defendant to forty to sixty months imprisonment for each offense, with the sentences to run concurrently. Defendant appealed alleging that he is entitled to resentencing because the sentencing judge imposed the sentences in reliance on a 1982 juvenile delin-·· quency adjudication in which defendant had not been represented by counsel.

The Court of Appeals *held*:

1. A hearing pursuant to *United States v Tucker*, 404 US 443 (1972), is mandated after a defendant presents prima facie proof that his prior conviction was constitutionally infirm and that such conviction was considered by the court in imposing sentence only where it appears from the totality of the circumstances that defendant's sentence might have differed had the sentencing judge known of the infirmity of the prior conviction.

2. The Court of Appeals expressed its disagreement with prior Court of Appeals panels which have concluded that the rule of *Tucker* is not applicable to constitutionally infirm juvenile delinquency adjudications used to enhance an adult criminal sentence, even where the delinquency adjudication was violative of defendant's right to counsel.

3. A constitutionally infirm juvenile delinquency adjudication obtained in violation of the juvenile's right to counsel may not be used to enhance a criminal sentence.

4. The sentences would not have been different in this case had the trial court been aware of the lack of counsel in defendant's 1982 juvenile delinquency adjudication and had it further been aware that the adjudication could not be used to enhance defendant's sentences.

Affirmed.

REFERENCES

Am Jur 2d, Criminal Law §§ 964, 985, 525 *et seq.*

Adequacy of defense counsel's representation of criminal client regarding prior convictions. 14 ALR4th 227.

DANHOF, C.J., concurred in the majority's holding that defendant is not entitled to resentencing. He would, however, continue to follow the Court of Appeals precedent which concluded that the rule of *Tucker* is not applicable to constitutionally infirm juvenile delinquency adjudications used to enhance an adult criminal sentence, even where the delinquency adjudication was violative of defendant's right to counsel.

1. CRIMINAL LAW — SENTENCING — PRIOR CONVICTIONS.

A hearing pursuant to *United States v Tucker,* 404 US 443 (1972), is mandated after a defendant presents prima facie proof that his prior conviction was constitutionally infirm and that such conviction was considered by the court in imposing sentence only where it appears from the totality of the circumstances that defendant's sentence might have differed had the sentencing judge known of the infirmity of the prior conviction.

2. CRIMINAL LAW — SENTENCING — INFANTS — ADJUDICATIONS OF DELINQUENCY— RIGHT TO COUNSEL.

A constitutionally infirm juvenile delinquency adjudication obtained in violation of the juvenile's right to counsel may not be used to enhance an adult criminal sentence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Susan M. Meinberg*), for defendant on appeal.

Before: DANHOF, C.J., and WEAVER and J. M. BATZER,* JJ.

PER CURIAM. Defendant pled guilty in Bay Circuit Court to violation of probation and unlawfully driving away an automobile, MCL 750.413; MSA 28.645. On April 7, 1986, he was sentenced to forty to sixty months imprisonment for each offense, with the sentences to run concurrently. Defendant appeals as of right from his sentences, requesting

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

this Court to remand his case to the circuit court for a hearing and resentencing in accordance with *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972), and *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974). Defendant asserts that he is entitled to a *Tucker* hearing because the sentencing judge imposed the sentences in reliance on a prior juvenile delinquency adjudication in which defendant had not been represented by counsel. We disagree and affirm defendant's convictions and sentences.

In *People v Watroba,* 89 Mich App 718, 723; 282 NW2d 196 (1979), this Court stated the threshold prerequisites which must be met by a defendant seeking a *Tucker* hearing, namely, prima facie proof (1) that his prior conviction was constitutionally infirm, and (2) that such conviction was considered by the court in imposing sentence. Having made the threshold showing, however, defendant is not automatically entitled to a *Tucker* hearing. A *Tucker* hearing is mandated only where it appears from the totality of the circumstances that defendant's sentence might have differed had the sentencing judge known of the infirmity of the prior conviction.

Under the rule of *Tucker* and *Moore,* a criminal conviction obtained in violation of a defendant's right to counsel cannot be used to enhance a sentence. Other panels of this Court have noted that there is no such thing as a "juvenile conviction." *People v Covington,* 144 Mich App 652; 376 NW2d 178 (1985), remanded 425 Mich 853 (1986), lv den 426 Mich 866 (1986), citing *Kent v United States,* 383 US 541, 556; 86 S Ct 1045; 16 L Ed 2d 84 (1966); *People v Daniels,* 149 Mich App 602; 386 NW2d 609 (1986). Accordingly, these other panels have concluded that the rule of *Tucker* and *Moore* is not applicable to constitutionally infirm juvenile

delinquency adjudications[1] used to enhance an
adult criminal sentence, even where the delin-
quency adjudication was violative of defendant's
right to counsel. *Covington* and *Daniels.* Defendant
cites our Supreme Court's remand of *Covington,*
425 Mich 853 (1986), for the converse proposition,
i.e., that *Tucker* and *Moore* are applicable to delin-
quency adjudications. *Daniels* expressly relies on
*Covington.*

In our view, the continued viability of this
Court's opinions in *Covington* and *Daniels* are
suspect in view of the Supreme Court's remand in
*Covington,* albeit an unexplained remand. Beyond
that, given the continued viability of *Tucker* and
*Moore* as our premise, we disagree with the rule
as stated by the *Covington* and *Daniels* panels. As
to the argument that delinquency adjudications
are not "criminal convictions," the United States
Supreme Court in *In re Gault,* 387 US 1, 49-50; 87
S Ct 1428; 18 L Ed 2d 527 (1967), stated:

> Against the application to juveniles of the right
> to silence, it is argued that juvenile proceedings
> are "civil" and not "criminal," and therefore the
> privilege should not apply . . . . However, it is
> also clear that the availability of the privilege does
> not turn upon the type of proceeding in which its
> protection is invoked, but upon the nature of the
> statement or admission and the exposure which it
> invites. . . .
>
> It would be entirely unrealistic to carve out of
> the Fifth Amendment all statements by juveniles
> on the ground that these cannot lead to "criminal"
> involvement. In the first place, juvenile proceed-

[1] The term "deliquent" or "delinquency" is not found in the juve-
nile code, MCL 712A.1 *et seq.;* MSA 27.3178(598.1) *et seq.* Rather, the
code speaks of the juvenile court's having "jurisdiction" over a child
who is found to have committed certain acts, including those acts that
would be crimes if committed by an adult. An adjudication that a
child is within the court's jurisdiction by reason of having committed
these acts is commonly called an adjudication of delinquency.

ings to determine "delinquency," which may lead to commitment to a state institution, must be regarded as "criminal" for purposes of the privilege against self-incrimination. To hold otherwise would be to disregard substance because of the feeble enticement of the "civil" label-of-convenience which has been attached to juvenile proceedings.

The Court affirmed this same line of reasoning in a delinquency case involving double jeopardy. Speaking for the Court in *Breed v Jones,* 421 US 519, 529; 95 S Ct 1779; 44 L Ed 2d 346 (1975), Chief Justice Burger said:

> We believe it is simply too late in the day to conclude, as did the District Court in this case, that a juvenile is not put in jeopardy at a proceeding whose object is to determine whether he has committed acts that violate a criminal law and whose potential consequences include both the stigma inherent in such a determination and the deprivation of liberty for many years. For it is clear under our cases that determining the relevance of constitutional policies, like determining the applicability of constitutional rights, in juvenile proceedings, requires that courts eschew "the 'civil' label-of-convenience which has been attached to juvenile proceedings."

We cannot agree with the underpinnings of the panels' decisions in *Covington* and *Daniels,* resting as they do on the " 'civil' label-of-convenience." We conclude, contrary to those decisions, that a constitutionally infirm juvenile delinquency adjudication obtained in violation of the juvenile's right to counsel cannot be used to enhance a criminal sentence. See also Batzer, *Direct Appeals from Michigan Juvenile Court Delinquency Adjudications and Dispositions: A Note on the Non-Cases,* 24 Wayne L Rev 1239 (1978).

In this case, defendant presents a letter from the Genesee County Probate Court as prima facie proof that he was not represented by counsel at a December 31, 1982, juvenile delinquency adjudication regarding· unlawful use of an automobile. Defendant also refers this Court to a comment by the sentencing judge that defendant had a "terrible" juvenile record, which included five breaking and entering adjudications and six adjudications involving stolen automobiles.

Our review of the record satisfies us that, had the sentencing court been aware that defendant was without counsel in a 1982 juvenile delinquency adjudication and had it further been aware that the adjudication without the benefit of counsel could not be used to enhance defendant's sentences, the sentences would not have been different.[2] First, the 1982 adjudication is but one of eleven encompassed in the sentencing judge's comment that defendant's juvenile record was "terrible." Moreover, the record shows that the sentencing judge's primary concern was to protect society from a defendant who had not been deterred by his conviction and sentence for a similar crime only one month prior to the instant offense. It was the fact that defendant had a number of juvenile adjudications, of which there remains more than an ample supply even after the challenged adjudication is factored out, that the sentencing court also considered. We see no need, if we may borrow Justice Blackmun's metaphor from his *Tucker* dissent, to engage the trial court in the futile exercise of marching up the sentencing hill again, only to hand out the same sentence and march back down again.

[2] We do not wish to imply that all delinquency adjudications obtained without the benefit of counsel are constitutionally infirm. There could have been, for example, a proper waiver of the right to counsel.

Affirmed.

Danhof, C.J. *(concurring)*. I concur in the majority's holding that defendant is not entitled to resentencing. However, I am not convinced that our Supreme Court's treatment of *People v Covington,* 144 Mich App 652; 376 NW2d 178 (1985), is an indication that *Covington* should no longer be followed.