PEOPLE v LEARY

Docket No. 126467. Submitted September 5, 1991, at Lansing. Decided January 21, 1992, at 9:10 A.M. Leave to appeal sought.

    Andrew J. Leary pleaded guilty in the Genesee Circuit Court, Judith A. Fullerton, J., of breaking and entering and was sentenced to three to ten years' imprisonment. He appealed, alleging that the court improperly considered his juvenile delinquency adjudications, which were obtained without counsel, when imposing the sentence and that the sentence was disproportionate.

    The Court of Appeals *held:*

    1. A circuit court must not consider at sentencing a defendant's juvenile delinquency adjudications obtained either without the benefit of counsel or a valid waiver of counsel.

    2. The defendant presented a prima facie case that the juvenile adjudications were obtained in violation of his right to counsel and that the trial court enhanced the defendant's sentence on the basis of those adjudications. The case must be remanded for a resentencing hearing pursuant to *United States v Tucker,* 404 US 443 (1972).

    3. The defendant's minimum sentence, which was three times the highest sentence recommended by the sentencing guidelines, was disproportionate under *People v Milbourn,* 435 Mich 630 (1990), and violated the principle of proportionality.

    Remanded for resentencing.

    DANHOF, C.J., concurring in part and dissenting in part, stated that this matter should be remanded for resentencing under *Milbourn* and that, in imposing sentences, sentencing courts are not precluded from considering juvenile adjudications obtained without the benefit of counsel.

1. CRIMINAL LAW — SENTENCES — JUVENILES — ADJUDICATIONS OF DELINQUENCY — RIGHT TO COUNSEL.

    A sentencing court may not enhance a defendant's sentence on

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 9, 14; Juvenile Courts and Delinquent and Dependent Children §§ 38, 56.

Consideration of accused's juvenile court record in sentencing for offense committed as adult. 64 ALR3d 1291.

the basis of juvenile delinquency adjudications obtained either
without the benefit of counsel or a valid waiver of counsel.

2. CRIMINAL LAW — SENTENCES — CONVICTIONS OBTAINED WITHOUT
    COUNSEL.

    A defendant who asserts in a motion for resentencing that the
    sentencing court improperly considered convictions or adjudica-
    tions obtained without the benefit of counsel must include
    prima facie proof of the lack of representation; the prosecutor
    then must refute the proofs or establish record evidence that
    the defendant validly waived the right to counsel; if the prose-
    cutor does not do so within one month of the defendant's
    motion and proofs, the court must order a resentencing hearing
    pursuant to *United States v Tucker,* 404 US 443 (1972); the
    Court of Appeals will not remand for a *Tucker* hearing where
    the trial court improperly denied the defendant's motion unless
    it first concludes from the totality of the circumstances that the
    defendant's sentence might have been lower had the trial court
    not considered the prior convictions or adjudications.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *Robert E. Weiss,* Prose-
cuting Attorney, and *Donald A. Kuebler,* Chief,
Appellate Division, for the people.

State Appellate Defender (by *Anne Yantus*), for
the defendant on appeal.

Before: DANHOF, C.J., and SHEPHERD and MARI-
LYN KELLY, JJ.

MARILYN KELLY, J. Defendant, Andrew Leary,
pled guilty to the charge of breaking and entering.
MCL 750.110; MSA 28.305. In exchange, the prose-
cutor agreed not to file charges against him for
malicious destruction of property. MCL 750.377a;
MSA 28.609(1). Although the sentencing guide-
lines' recommendation was a minimum prison sen-
tence of zero to twelve months, the trial judge
sentenced defendant to a three to ten year term.

On appeal, defendant argues that, when impos-
ing the sentence, the judge improperly considered

his juvenile delinquency adjudications, which were obtained without counsel. He also asserts that the sentence was disproportionate. We agree and remand for resentencing.

The sentencing judge may not consider a defendant's prior felony, misdemeanor or ordinance convictions obtained without the benefit of counsel and without a valid waiver of the right to counsel. *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972); *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974); *People v Miller,* 179 Mich App 466, 469; 446 NW2d 294 (1989). There is a split among panels of this Court over whether the sentencing court may enhance a defendant's sentence based on counselless juvenile adjudications. Compare *People v Ristich,* 169 Mich App 754, 756-759; 426 NW2d 801 (1988), to *People v Himmelein,* 177 Mich App 365, 381; 442 NW2d 667 (1989), lv den 434 Mich 903 (1990), cert den — US —; 111 S Ct 985; 112 L Ed 2d 1070 (1991).

We hold that, at sentencing, the judge must not consider a defendant's juvenile delinquency adjudications obtained without either the benefit of counsel or a valid waiver of counsel. *Ristich,* 756-759.

The rationale for precluding consideration of counselless adult felony and misdemeanor convictions to enhance a sentence is that they are "not sufficiently reliable to support the severe sanction of imprisonment." *Baldasar v Illinois,* 446 US 222, 227; 100 S Ct 1585; 64 L Ed 2d 169 (1980) (citing *Argersinger v Hamlin,* 407 US 25, 31-36; 92 S Ct 2006; 32 L Ed 2d 530 [1972]). We believe that the same rationale applies to the use of counselless juvenile adjudications. We note that our resolution of the conflict previously existing on this issue is consistent with decisions of the United States Court of Appeals. See, e.g., *Rizzo v United States,* 821 F2d 1271, 1274 (CA 7, 1987); *United States v*

*Slipka,* 735 F2d 1064, 1066 (CA 8, 1984); *Del Piano v United States,* 575 F2d 1066 (CA 3, 1978), cert den 442 US 944 (1979).

When a defendant asserts in a motion for resentencing that the sentencing court improperly considered uncounselled convictions or adjudications, he must include prima facie proof that he was not represented. *Moore,* 440-441. It is then the obligation of the prosecutor to refute the proofs or to establish record evidence that defendant validly waived his right to counsel. If the prosecutor does not do so within one month of defendant's motion and proofs, the trial court must order a resentencing hearing pursuant to *United States v Tucker, supra. Moore,* 441.

Where the trial court improperly denies defendant's motion for resentencing, we will not necessarily remand for a *Tucker* hearing on appeal. We must first conclude from the totality of the circumstances that defendant's sentence might have been lower had the judge not considered the prior uncounselled convictions or adjudications. *Ristich,* 756.

In the instant case, defendant presented a prima facie case that the juvenile adjudications were obtained in violation of his right to counsel; the presentence investigation report showed that defendant was not represented by counsel during the adjudications. Additionally, the record reveals that the trial court enhanced defendant's sentence based on his counselless adjudications. Since the prosecutor did not furnish transcripts of the adjudications in the trial court, the case is remanded for a *Tucker* resentencing hearing.

We are also persuaded by defendant's argument that the trial court's sentence was disproportionate under *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). In *Milbourn,* our Supreme Court

held that the sentencing guidelines are the best barometer of proportionality. *Id.,* 656. A trial court should not depart from the guidelines' recommendation unless there are circumstances about the offense or offender that the guidelines do not adequately reflect. *Id.,* 659-660.

In the instant case, the trial court sentenced defendant to a minimum prison term which is three times the highest sentence recommended by the guidelines. In rationalizing her departure from the guidelines, the judge stated that defendant had a substantial juvenile history.

For the reasons discussed above, the court erred in considering defendant's juvenile record during sentencing. Moreover, in cases where a defendant either waived counsel or was represented by counsel during prior juvenile adjudications, such adjudications are factored into the guidelines' recommendation. See Michigan Sentencing Guidelines (2d ed), Prior Record Variables 3 and 4, pp 32-33. Under these circumstances, we find that the sentence imposed by the trial court violated the principle of proportionality.

Remanded for resentencing.

SHEPHERD, J., concurred.

DANHOF, C.J. *(concurring in part and dissenting in part).* I agree with the majority's determination that this matter be remanded for resentencing under *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990).

However, I disagree with the majority's conclusion that, in imposing sentences, sentencing courts are precluded from considering juvenile adjudications obtained without benefit of counsel, and I would hold otherwise. *People v Covington,* 144 Mich App 652, 654-655; 376 NW2d 178 (1985),

remanded 425 Mich 853 (1986), lv den 426 Mich
866 (1986), reconsideration gtd and remanded for
resentencing 431 Mich 859 (1988); *People v Ristich,*
169 Mich App 754, 760; 426 NW2d 801 (1988)
(concurrence by Danhof, C.J.); *People v Himme-
lein,* 177 Mich App 365, 381; 442 NW2d 667 (1989),
lv den 434 Mich 903 (1990), reh den 435 Mich 879
(1990), cert den — US —; 111 S Ct 985; 112 L Ed
2d 1070 (1991).