PEOPLE v LEARY (ON REMAND)

Docket No. 152133. Submitted May 14, 1992, at Lansing. Decided
February 16, 1993, at 10:00 A.M. Leave to appeal sought.

Andrew J. Leary pleaded guilty in the Genesee Circuit Court,
Judith A. Fullerton, J., of breaking and entering and was
sentenced to three to ten years' imprisonment. He moved for
resentencing, arguing that consideration of three prior juvenile
adjudications obtained without counsel was improper. The
court denied the motion. The defendant appealed and addition-
ally claimed that the sentence, which represented a departure
from the minimum sentence recommended by the sentencing
guidelines, was disproportionate. The Court of Appeals, MARI-
LYN KELLY AND SHEPHERD, JJ. (DANHOF, C.J., concurring in
part and dissenting in part), after granting the defendant's
motion to strike the transcripts of the juvenile adjudications
that were submitted by the prosecutor, remanded for resentenc-
ing. 192 Mich App 463 (1992). The Supreme Court, in lieu of
granting leave to appeal, reversed the order of the Court of
Appeals that granted the motion to strike, vacated its judg-
ment, and remanded for reconsideration in light of the tran-
scripts that were previously stricken. 439 Mich 995 (1992).

On remand, the Court of Appeals held:

1. A sentencing court may not enhance a defendant's sen-
tence on the basis of juvenile adjudications unless at the
adjudications the defendant had been represented by counsel or
validly had waived counsel. In this case, two of the defendant's
juvenile adjudications were obtained without valid waivers of
his right to counsel.

2. Because two of the juvenile adjudications at issue in this
case were obtained in violation of the right to counsel and the
trial court enhanced its sentence on the basis of those adjudica-

REFERENCES

Am Jur 2d, Criminal Law § 599; Juvenile Courts and Delinquent
and Dependent Children § 56.

Relief available for violation of right to counsel at sentencing in
state criminal trial. 65 ALR4th 183

Consideration of accused's juvenile court record in sentencing for
offense committed as adult. 64 ALR3d 1291

tions, the case must be remanded for a resentencing pursuant to *United States v Tucker,* 404 US 443 (1972).

3. The sentence imposed in this case was disproportionate under *People v Milbourn,* 435 Mich 630 (1990), inasmuch as the trial court improperly considered prior juvenile adjudications obtained without counsel and prior juvenile adjudications obtained with counsel or with valid waivers of counsel are already factored into prior record variables of the sentencing guidelines.

Remanded for resentencing.

McDONALD, J., concurring in part and dissenting in part, stated that the majority's determination to remand for a hearing pursuant to *Tucker* is correct, but that a decision with respect to sentence proportionality should be deferred until after the hearing.

1. SENTENCES — PRIOR ADJUDICATIONS OF JUVENILE DELINQUENCY — RIGHT TO COUNSEL.

A sentencing court may not enhance a defendant's sentence on the basis of prior juvenile adjudications unless at the adjudications the defendant had been represented by counsel or validly had waived counsel.

2. CRIMINAL LAW — SENTENCES — CONVICTIONS OBTAINED WITHOUT COUNSEL.

A defendant who asserts in a motion for resentencing that the sentencing court improperly considered convictions or adjudications obtained without the benefit of counsel must include prima facie proof of the lack of representation; the prosecutor then must refute the proofs or establish record evidence that the defendant validly waived the right to counsel; if the prosecutor does not do so within one month of the defendant's motion and proofs, the court must order a resentencing hearing pursuant to *United States v Tucker,* 404 US 443 (1972); the Court of Appeals will not remand for a *Tucker* hearing where the trial court improperly denied the defendant's motion unless it first concludes from the totality of the circumstances that the defendant's sentence might have been less had the trial court not considered the prior convictions or adjudications.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

State Appellate Defender (by *Anne Yantus*), for the defendant on appeal.

ON REMAND

Before: Shepherd, P.J., and McDonald and Marilyn Kelly, JJ.

Marilyn Kelly, J. This case is before us on remand from the Michigan Supreme Court. 439 Mich 995 (1992). In lieu of granting leave to appeal, the Court vacated our judgment and reversed our order granting defendant's motion to strike certain transcripts. 192 Mich App 463 (1992). The Court ordered us to reconsider the case in light of the previously stricken material.

Defendant, Andrew Leary, pled guilty to a charge of breaking and entering. MCL 750.110; MSA 28.305. In exchange, the prosecutor agreed not to charge him with malicious destruction of property. MCL 750.377a; MSA 28.609(1). Although the sentencing guidelines' recommendation was a minimum prison sentence of zero to twelve months, the trial judge sentenced defendant to three to ten years.

On appeal, defendant argues that, when imposing the sentence, the judge improperly considered his juvenile delinquency adjudications, which had been obtained without counsel. He asserts also that the sentence was disproportionate. We agree and remand for resentencing.

The sentencing judge may not consider a defendant's prior felony, misdemeanor or ordinance convictions obtained without the benefit of counsel and without a valid waiver of the right to counsel. *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972); *People v Moore,* 391 Mich

426; 216 NW2d 770 (1974); *People v Miller,* 179
Mich App 466, 469; 446 NW2d 294 (1989). There is
a split of opinion among panels of this Court
concerning whether the sentencing court may en-
hance a defendant's sentence based on counselless
juvenile adjudications. Compare *People v Ristich,*
169 Mich App 754, 756-759; 426 NW2d 801 (1988),
to *People v Himmelein,* 177 Mich App 365, 381;
442 NW2d 667 (1989), lv den 434 Mich 903 (1990),
cert den — US —; 111 S Ct 985; 112 L Ed 2d 1070
(1991).

We hold that, at sentencing, the judge must not
consider a defendant's juvenile delinquency adjudi-
cations obtained without either the benefit of coun-
sel or a valid waiver of counsel. *Ristich,* 756-759.

The rationale for precluding consideration of
counselless adult felony and misdemeanor convic-
tions to enhance a sentence is that they are "not
sufficiently reliable to support the severe sanction
of imprisonment." *Baldasar v Illinois,* 446 US 222,
227; 100 S Ct 1585; 64 L Ed 2d 169 (1980) (citing
*Argersinger v Hamlin,* 407 US 25, 31-36; 92 S Ct
2006; 32 L Ed 2d 530 [1972]). We find the same
rationale applicable to the use of counselless juve-
nile adjudications. Our resolution of the conflict
previously existing on this issue is consistent with
decisions of the United States Court of Appeals.
See, e.g., *Rizzo v United States,* 821 F2d 1271, 1274
(CA 7, 1987); *United States v Slipka,* 735 F2d 1064,
1066 (CA 8, 1984); *Del Piano v United States,* 575
F2d 1066 (CA 3, 1978), cert den 442 US 944 (1979).

When a defendant asserts in a motion for resen-
tencing that the sentencing court improperly con-
sidered uncounselled convictions or adjudications,
he must include prima facie proof that he was not
represented. *Moore,* 440-441. The prosecutor then
has the obligation to refute the proofs or to estab-
lish record evidence that the defendant validly

waived his right to counsel. If the prosecutor does
not do so within one month of defendant's motion
and proofs, the trial court must order a resentenc-
ing hearing pursuant to *Tucker. Moore,* 441.

Where the trial court improperly denies defen-
dant's motion for resentencing, we will not neces-
sarily remand for a *Tucker* hearing on appeal. We
must first conclude from the totality of the circum-
stances that defendant's sentence might have been
lower had the judge not considered the prior un-
counselled convictions or adjudications. *Ristich,*
756.

In this case, defendant filed a motion for resen-
tencing and presented a prima facie case that his
juvenile adjudications were obtained in violation of
his right to counsel; the presentence investigation
report showed that defendant had not been repre-
sented by counsel during the adjudications. Rely-
ing on *Himmelein, supra,* the trial judge denied
defendant's motion for resentencing on the basis
that uncounselled juvenile adjudications may be
considered during sentencing. The prosecutor did
not furnish transcripts of the juvenile adjudica-
tions to the trial court. However, he did provide
them to us on appeal. We have considered the
stricken transcripts pursuant to the directive of
the Supreme Court.

Having reviewed the transcripts, we are con-
vinced that defendant did not validly waive his
right to counsel in two of his prior juvenile delin-
quency adjudications. When the proceedings took
place, the court rules provided:

> (A) Advice to Right to Attorney. The court shall
> advise the child and the parent, guardian, or
> custodian at the first hearing before the court that
> they may be represented by an attorney and that
> an attorney may be appointed under subrule (C).

(B) Waiver; Admissibility of Confession.

(1) A child may voluntarily and understandingly waive the right to an attorney. If the parent, guardian, or custodian is the complainant or petitioner, the guardian ad litem must concur in the waiver; if not, a parent, guardian, custodian, or guardian ad litem must concur. [MCR 5.906.]

During the November 14, 1986, preliminary hearing for breaking into and entering his parents' home, defendant waived his right to counsel. However, since his parents were the complainants, it was necessary for a guardian ad litem to concur in the waiver. MCR 5.906(B)(1). No guardian ad litem had been appointed for defendant. During the February 5, 1987, preliminary hearing for unlawfully driving away his parents' automobile, defendant did not expressly waive his right to counsel. Once again, no guardian ad litem had been appointed for him.

Defendant expressly waived his right to counsel during the April 21, 1987, preliminary hearing for larceny in a building. His parents, who were not complainants in that proceeding, concurred in the waiver. MCR 5.906(B)(1).

We conclude from review of the transcripts that defendant did not validly waive counsel during the November 14, 1986, and February 5, 1987, juvenile adjudications. It is clear from the record that the trial court enhanced defendant's sentence based on the counselless adjudications. Therefore, we remand this case for a *Tucker* resentencing hearing.

We are also persuaded by defendant's argument that the trial court's sentence was disproportionate under *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). In *Milbourn,* our Supreme Court held that the sentencing guidelines are the best barometer of proportionality. *Id.,* 656. A trial judge

should not depart from the guidelines' recommendation, unless there are circumstances about the offense or offender that the guidelines do not adequately consider. *Id.,* 659-660.

In the instant case, the trial judge sentenced defendant to a minimum prison term three times the longest recommended by the guidelines. In rationalizing her departure from the guidelines, the judge stated that defendant had a substantial juvenile history.

For the reasons discussed above, the judge erred in considering defendant's juvenile record during sentencing. Moreover, in cases where a defendant either waived counsel or was represented by counsel during prior juvenile adjudications, such adjudications are factored into the guidelines' recommendation. See Michigan Sentencing Guidelines (2d ed), Prior Record Variables 3 and 4, pp 32-33. Under these circumstances, we find that the sentence imposed by the trial judge violated the principle of proportionality.

Remanded for resentencing.

SHEPHERD, P.J., concurred.

McDONALD, J. *(concurring in part and dissenting in part).* I agree with the majority's determination to remand for a resentencing hearing pursuant to *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1992), but I would defer ruling on whether the sentence was proportionate under *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990), until after the hearing. If the trial court chooses to resentence the defendant, the *Milbourn* issue may become moot.