PEOPLE v HANNAN (AFTER REMAND)

Docket No. 137745. Submitted April 15, 1993, at Grand Rapids. Decided June 8, 1993, at 9:00 A.M.

Duane H. Hannan pleaded nolo contendere in the Emmet Circuit Court, Richard M. Pajtas, J., to charges of breaking and entering an occupied dwelling and possession of a firearm during the commission of a felony. He was sentenced to six to fifteen years in prison for the breaking and entering conviction and a consecutive two-year term for the felony-firearm conviction. His motion for resentencing, alleging that the court erred in assessing twenty-five points for prior record variable 1, one prior high-severity felony conviction, when calculating the sentencing guidelines' range, was denied. He appealed. The Court of Appeals, GRIFFIN, P.J., and MURPHY and HOLBROOK, JR., JJ., while retaining jurisdiction, remanded the case to the trial court for a *Tucker/Moore* hearing (*United State v Tucker,* 404 US 443 [1972]; *People v Moore,* 391 Mich 426 [1974]) to determine whether two alleged guilty pleas by the defendant in Florida in 1977, allegedly obtained without the benefit of counsel, were improperly used to enhance his sentence. The proceedings in Florida apparently were dismissed without there ever having been an adjudication of guilt. On remand, the court conducted the hearing and concluded that the defendant had been represented by counsel in Florida and that the Florida proceedings properly were considered in determining the guidelines' score. The court then denied the defendant's motion for resentencing.

After remand, the Court of Appeals *held:*

1. There was no prosecutorial misconduct during the plea-taking procedure, and the defendant's trial counsel did not provide ineffective assistance.

2. The trial court erred in denying the motion for resentencing. The court's conclusions with regard to the Florida proceedings are not supported by the record. Because the defendant

REFERENCES

Am Jur 2d, Criminal Law §§ 967-975.

See ALR Index under Attorney or Assistance of Attorney; Sentence and Punishment.

presented a prima facie case that his pleas in Florida were obtained in violation of his right to counsel and the prosecutor failed to show affirmative evidence either that counsel had been present or that the defendant had waived the presence of counsel, the 1977 pleas in Florida are constitutionally invalid and should not have been considered by the trial court at sentencing.

3. Resentencing must take place before a different judge because it is clear from the trial judge's comments that he has already determined that he would impose the same sentence even if it is determined that the guidelines were not properly scored.

Convictions affirmed and case remanded for resentencing before a different judge.

1. SENTENCES — RIGHT TO COUNSEL — PRIOR CONVICTIONS — EN-
    HANCEMENT OF SENTENCES.

    A criminal conviction obtained in violation of a defendant's right to counsel cannot be used to enhance the defendant's sentence for another conviction; a sentencing court may not consider a defendant's prior felony, misdemeanor, or ordinance convictions obtained without the benefit of counsel or without a valid waiver of the right to counsel.

2. SENTENCES — RIGHT TO COUNSEL — PRIOR CONVICTIONS — EN-
    HANCEMENT OF SENTENCES.

    Where a defendant presents a prima facie case that prior convictions were obtained without the benefit of counsel or without a valid waiver of the right to counsel, the prosecution must present affirmative evidence either that counsel was present or that the defendant waived the presence of counsel before the convictions may be used to enhance the defendant's sentence for another conviction.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Patrick M. Shannon,* Special Prosecuting Attorney, and *Charles D. Hackney,* Assistant Attorney General, for the people.

*Matthew Posner,* and Duane H. Hannan, in propria persona, for the defendant.

### AFTER REMAND

Before: NEFF, P.J., and McDONALD and MURPHY, JJ.

PER CURIAM. Pursuant to a plea bargain, defendant pleaded nolo contendere[1] to breaking and entering an occupied dwelling, MCL 750.110; MSA 28.305, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Part of the plea bargain was that the prosecutor would recommend a sentence within the sentencing guidelines' recommended range, which he did. The guidelines' range was twenty-four to seventy-two months, and defendant was sentenced to six years to fifteen years in prison for the breaking and entering conviction, to be served consecutively to a two-year term of imprisonment for the felony-firearm conviction. The trial court denied defendant's motion for resentencing, which was brought on the basis that prior record variable (PRV) 1 was improperly scored.

On appeal, this Court issued an order granting defendant's motion to remand for the purpose of conducting a *Tucker/Moore* [*United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972); *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974)] hearing. The order provided that this Court retained jurisdiction in the cause. At the conclusion of the hearing, the trial court denied defendant's second motion for resentencing. We now remand for resentencing before a different judge.

I

The issues raised in defendant's brief filed in propria persona are without merit. The record is

---

[1] A nolo contendere plea was taken because defendant was intoxicated at the time of the offenses and because the offenses occurred approximately 4½ years before the plea was taken. Defendant did not remember specific facts to support the plea and, by stipulation of the parties, the trial court relied on portions of the police report for the factual basis of the plea.

devoid of any substantiation of prosecutorial misconduct during the plea-taking procedure. There is likewise a total lack of support for the claim that trial counsel was ineffective. *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984), reh den 467 US 1267 (1984); *People v Tommolino,* 187 Mich App 14; 466 NW2d 315 (1991).

## II

The issues raised by counsel on defendant's behalf center on defendant's 1977 encounter with the criminal justice system in Florida. The trial court record contains a copy of an "Order Withholding Adjudication Of Guilt And Placing Defendant On Probation," that establishes that on April 19, 1977, defendant entered pleas of guilty in Florida to charges of burglary of a structure and robbery. However, the Florida order provides that "the adjudication of guilt and imposition of sentence are hereby withheld" and that defendant was placed on probation for five years, with a condition of probation being that defendant return to the State of Michigan. According to defense counsel on appeal, the Florida case against defendant was dismissed a few years later, with no adjudication of guilt ever having been entered.

Defendant claims that the two 1977 guilty pleas should not have been considered in calculating the sentencing guidelines in this case, that the sentencing court erred in relying on the 1977 Florida proceedings because the prosecutor failed to establish that defendant was represented by counsel or waived counsel at the time of the 1977 pleas, and that resentencing should be before a different judge. We agree.

A

Defendant's first claim is that he should not have been assessed twenty-five points for PRV 1 because the Florida proceedings were not prior convictions for purposes of calculating the sentencing guidelines. In denying defendant's motion for resentencing on this basis, the trial court stated:

> Well, I think it's something validly considered by the Prior Record Variable No[.] 1, which was scored 25 points. And I think to do otherwise would put form over substance and that seems like an unnecessary procedure to resentence and rescore treating that as a non-conviction and then finding a departure reason on the record as to why the guidelines are inappropriate in this particular case.
>
> So, for those reasons, I'll deny the motion for resentencing.

Twenty-five points should be assessed under PRV 1 if there is "1 prior high severity felony *conviction*" (emphasis added). A "conviction" is defined by the second edition of the Michigan Sentencing Guidelines as "an *adjudication* of guilt in an adult criminal matter" (emphasis added). Because the Florida proceedings were dismissed without there ever having been an adjudication of guilt, the trial court erred in denying defendant's motion for resentencing. We therefore remand for resentencing.

A defendant is entitled to have the sentencing guidelines' range correctly calculated so that a court may determine an appropriate sentence in light of that range. It is clear from its comments at the hearing regarding defendant's motion for resentencing that the trial court in this case has already determined that, even if the guidelines

were not properly scored, it would deviate from a properly scored guidelines' range and impose the same sentence. After applying the tripartite test set forth in *People v Fisher (After Second Remand)*, 190 Mich App 598, 608; 476 NW2d 762 (1991), we conclude that resentencing should take place before a different judge.

B

Defendant also claims that he is entitled to resentencing because the trial court relied upon the 1977 Florida proceedings in sentencing him even though the prosecutor failed to establish that defendant either was represented by counsel or validly waived the presence of counsel at the time he entered his pleas in those proceedings. Even if defendant's 1977 pleas in Florida could be considered "convictions," the trial court erred in denying defendant's motion for resentencing on this basis.

Under the rule of *Tucker* and *Moore*, a criminal conviction obtained in violation of a defendant's right to counsel cannot be used to enhance a sentence. *People v Ristich*, 169 Mich App 754, 756; 426 NW2d 801 (1988). A sentencing court may not consider a defendant's prior felony, misdemeanor, or ordinance convictions obtained without the benefit of counsel or without a valid waiver of the right to counsel. *People v Leary (On Remand)*, 198 Mich App 282; 497 NW2d 922 (1993). The rationale for precluding consideration of adult felony and misdemeanor convictions obtained without the benefit of counsel or without a valid waiver of the right to counsel to enhance a sentence is that such convictions are not sufficiently reliable to support the severe sanction of imprisonment. *Id.*

Defendant presented a prima facie case that his pleas in Florida were obtained in violation of his

right to counsel. Defense counsel filed an affidavit
that states that he requested transcripts of defen-
dant's 1977 plea proceedings in Florida, but was
informed by the court reporter that he had
searched all possible records and was unable to
locate any transcripts or notes of the proceedings.
Defense counsel also filed an affidavit in which
defendant stated that he could not recall if he was
represented by an attorney when he pleaded guilty
in Florida. In addition, defense counsel filed with
the trial court copies of the Florida court files. The
one-page copies of each of the Florida court files do
not note whether counsel was present or whether
there was a valid waiver of counsel at the time of
the pleas. The 1977 pleas were used to compute
the guidelines upon which the court relied in
sentencing defendant and were specifically men-
tioned by the court at the time of sentencing. This
Court remanded this case to the trial court for a
*Tucker* hearing.

At the *Tucker* hearing, defendant admitted that
counsel was appointed on his behalf in the Florida
cases and that a lawyer visited him at least twice
during the six-month period he was in jail pending
disposition of the charges. Defendant further
claimed that, at the time of the pleas, he was
offered a deal. It is not entirely clear from the
record what the actual terms of the deal were, but
it appears from defendant's testimony that he
agreed to the pleas in return for his agreement to
leave Florida and not return for five years. Defen-
dant testified that he could not remember if coun-
sel was with him in the courtroom when the deal
was made and his pleas were offered.

The prosecutor offered no affirmative evidence
that counsel was present at the time defendant
entered his pleas in Florida or that defendant
affirmatively waived his right to have counsel

present, but merely argued that it is incredible that defendant can have a clear recall of his conversations with his attorney, of a judge making a deal with him, and of other details surrounding the Florida proceedings, but that he could not remember whether an attorney was with him in court.

At the conclusion of the *Tucker* hearing, the trial court concluded that defendant did not waive his right to be represented by counsel in the 1977 proceedings in Florida and that he in fact was represented by counsel throughout all the proceedings, including the dispositional stage. The trial court also concluded that the Florida proceedings were properly considered in determining the guidelines' score and that the request for resentencing was meritless. The trial court's conclusions are not supported by the record, and we find that it erred in denying defendant's motion for resentencing on these bases. *Moore, supra,* p 441. Because the prosecutor failed to show affirmative evidence either that counsel was present or that defendant waived the presence of counsel at the time of his 1977 pleas in Florida, the pleas are constitutionally invalid and should not have been considered by the trial court at sentencing.

Defendant's convictions are affirmed, but we remand this case to the trial court for resentencing before a different judge. We do not retain jurisdiction.

Affirmed and remanded for resentencing.